Elmer Stewart Rhodes III
LAW OFFICE OF ELMER STEWART RHODES
432 E. Idaho Street, STE C-231
Kalispell, MT 59901
Telephone: (406) 882-4242
FAX: (406) 755-8335
E-mail: rhodeslegalwriting@gmail.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen Roth, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   COMPLAINT |
| Town of Quartzsite; | )   §1983 ACTION |
| Jeff Gilbert and Sondra Gayle | ) |
| Gilbert, Husband and Wife; | ) JURY TRIAL DEMANDED |
| Officer Fabiola Garcia, #42, and | ) |
| John Doe Garcia, | ) |
| Wife and Husband; | ) |
| Individual Does I-X | ) |
| | ) |
| Defendants | ) |

Plaintiff, Michael A. Roth, for his Complaint against all Defendants alleges as follows:

**Jurisdiction**

1.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).  This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2002 to declare the rights of the parties and to grant all further relief found

-1-

1 necessary and proper. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 (a).

2. This Court has personal jurisdiction over the defendants, who are located in the District of Arizona.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(a) in that the defendants are subject to personal jurisdiction within the District of Arizona and the events that give rise to this action occurred within the District of Arizona.

4. Plaintiff, Michael A. Roth, is an adult residing within the Town of Quartzsite, County of La Paz, State of Arizona.

5. Defendant Town of Quartzsite (referred to as "the Town") is a municipality organized under the laws of the state of Arizona and owns, operates, manages, directs and controls the Quartzsite Police Department, which employed other defendants.

6. Defendant Jeff Gilbert (referred to as "Chief Gilbert") was at all relevant times the Chief of the Quartzsite Police Department, and employed by the Quartzsite Police Department. Defendants Jeff Gilbert and Sondra Gayle Gilbert, were and are, at all times relevant, husband and wife residing in La Paz County, Arizona. At all times relevant, Defendant Jeff Gilbert held the position of Chief of Police in and for the Town of Quartzsite. All actions taken by Defendant Jeff Gilbert were on behalf of the marital community. On April 13, 2010, Chief Gilbert, acting under color of law and pursuant to the policies of the Town of Quartzsite, approved of, directed, and supervised the unlawful

arrest and imprisonment, without probable cause, of Plaintiff Roth, on account of his perceived political expression, and because of his opposition to the policies of the Town and of Chief Gilbert. The subsequent convictions stemming from that arrest were overturned by the Arizona Court of Appeals on December 22, 2011. Defendant Gilbert is named herein in his individual capacity.

7. Defendant Officer Fabiola Garcia, #42 (referred to as "Officer Garcia"), was at all relevant times a Police Officer employed by the Quartzsite Police Department. Defendants Fabiola Garcia and John Doe Garcia, were and are, at all times relevant, wife and husband residing in Arizona. At all times relevant, Defendant Officer Fabiola Garcia held the position of Police Officer in and for the Town of Quartzsite. All actions taken by Defendant Fabiola Garcia were on behalf of the marital community. On April 13, 2010, Defendant Officer Garcia, acting under color of law and pursuant to policies of the Town, participated in the arrest without probable cause, of Mr. Roth, on account of his perceived political expression, and because of his opposition to the policies of the Town and of Chief Gilbert. The subsequent convictions stemming from that arrest were overturned by the Arizona Court of Appeals on December 22, 2011. Defendant Officer Garcia is named herein in her individual capacity.

8. The fictitiously named Defendants Individual Does I-X in the caption to the Complaint are individuals who may have in some manner contributed to Plaintiff's injuries and damages and are therefore liable. The true names for said Defendants are unknown to Plaintiff at this time. Once the identities of these Defendants are discovered,

leave of Court will be sought to amend this Complaint accordingly. The Doe defendants are named herein in their individual capacities.

## Complaint

### I.     Factual Allegations

9.     On or about April 13, 2010, Plaintiff Michael Roth was present in the audience of a Quartzsite Town Council meeting.

10.     Defendant Chief Gilbert and Defendant Officer Garcia were on duty and present at that Quartzsite Town Council meeting.

11.     The Town of Quartzsite retained command, control, and authority over and was responsible for the actions of the Defendant police officers and other officers present at that Town Council meeting.

12.     As recounted by the Arizona Court of Appeals, in its December 22, 2011 Memorandum Decision, where it cleared Mr. Roth of all wrongdoing while viewing the facts in the light most favorable to sustaining the convictions (citations omitted, emphasis added. Full decision available available online at http://azcourts.gov/Portals/89/memod/CR/CR100994.pdf):

> ¶ 2 On April 13, 2010, Roth attended a public meeting while the Quartzsite Town Council (the "Council") met in executive session. While the Council met in a separate room, Roth and other citizens gathered for the Council's return for a "call to the public." While waiting, Roth called the planning and zoning director an "asshole," causing the city official to [allegedly] feel "threatened," and prompting him to ask Quartzsite Police Chief Gilbert to "come over ... and handle the situation." **This did not disrupt the executive session.**
> ¶ 3 Roth later addressed the crowd and made disparaging remarks about Gilbert—these remarks caused a few other audience members to be upset and defensive toward Roth and caused the atmosphere to become "tense" and "hostile." Roth's statements "[got] the crowd worked up," caused a

-4-

"commotion," and were "disruptive." FN2 Given the circumstances, the officer [allegedly] became concerned for Roth's safety.

An officer present for the meeting explained that Roth was "disruptive" because his "demeanor was very offensive" because "**[h]e was talking about [the police chief]**. He was offending the board. He was offensive in words he would say to members of the public."

¶ 4 Roth's remarks caused the crowd to become "quite agitated," with "multiple conversations going on within the room," making it [allegedly] difficult for Gilbert to anticipate where problems might arise, specifically problems with "some type of physical retaliation." Gilbert [allegedly] considered Roth's behavior "seriously disruptive ... because of the comments ... and the antagonistic behavior ... was inciting ... the crowd."

¶ 5 Gilbert told Roth to leave after another audience member stood and "angrily" gestured at Roth while suggesting that Roth could leave if he did not like it "here." At this point, Gilbert [allegedly] felt the situation "had just gotten totally out of hand," had become "explosive ... in the reactions of other people," such that he was concerned about the potential for violence. Roth then sat down and when he refused to leave, he was arrested. Roth's behavior did not stop the meeting and the meeting continued after the Council's executive session.

Gilbert testified that he previously told Roth to "remain orderly" because of the ongoing Council meeting and that he also advised the entire crowd that anyone who was not orderly would be asked to leave and escorted out if the request to leave was refused.

¶ 6 Roth was indicted on one count of resisting arrest, a class six felony, and two counts of disorderly conduct, both class one misdemeanors, following the April 13 arrest. At the subsequent jury trial, in addition to testimony from Gilbert and others, the state showed two videotapes —with sound— that depicted portions of Roth's conduct at the meeting; one video was recorded by a camera pinned to a police officer's lapel, and the second by another audience member.  The lapel video demonstrates that Roth was initially sitting next to Gilbert, who was standing, and shows Roth insulting and badgering Gilbert with questions about his job history. This video also shows Roth briefly arguing with other audience members and periodically chiming in on an argument that one of his political allies was having with another audience member over the town's budget deficit, expenditures, and handling of stray animals.

¶ 7 The audio also evidences an audience member's threat to step outside and "knock the shit" out of Roth because he suggested that the involved officials had "pea brains." Roth asked Gilbert to evict the audience member from the meeting, and berated and baited Gilbert when he refused. Instead, Gilbert ordered Roth's political ally to leave, which she did. The dull murmur of conversations among audience members can be heard in the background throughout this period.

¶ 8 The videotapes later depict Roth standing next to Gilbert at the podium, addressing the audience of about twenty, telling them that police officers had come to him and told him that they did not respect Gilbert. Roth's tone was sarcastic and his demeanor was somewhat aggressive, but he paused while other audience members spoke and used gestures only to emphasize, or to point. Roth's remarks prompted several members of the audience to defend Gilbert, some to laugh. Gilbert then approached Roth and told him he would have to leave—Roth told Gilbert he would sit down instead and did so, but Gilbert placed him under arrest.
….

¶ 10 The jury was unable to reach a verdict on Count One, resisting arrest, but found Roth guilty of Counts Two and Three [disorderly conduct]. The judge subsequently dismissed the charge of resisting arrest without prejudice, suspended sentence, and placed Roth on one year of unsupervised probation on the disorderly conduct convictions, to be served concurrently. The judge refused the state's request that he impose a condition prohibiting Roth from attending any Quartzsite Town Council meetings or functions during the period of his probation.

13.     As to Count Two, the Arizona Court of Appeals found:

¶ 19 The only evidence the state offered to show that Roth's conduct "seriously disrupted" the activity of the waiting public was testimony from Gilbert and his officer that they felt Roth's conduct was "seriously disruptive," and that they were concerned that Roth's antagonistic remarks would cause a member of the audience to retaliate physically. Gilbert testified that he believed that Roth's remarks disparaging him had caused the mood in the room to become "explosive" when an angry audience member pointed at Roth and suggested he could leave town if he was unhappy there. No violence erupted, however, and by Gilbert's own testimony, he was concerned only about the possibility of, or "potential" for, physical retaliation by an audience member inflamed by Roth's message. Moreover, although Roth's remarks to the audience immediately before he was arrested may have been antagonistic and annoying, he spoke in a normal voice and stopped speaking to listen as members of the audience responded.
¶ 20 **The finger-pointing incident that Gilbert identified as crossing the line and provoking Roth's arrest, to any extent that Roth can be charged with it, hardly rose to the level of probable violence. The evidence accordingly failed to demonstrate that Roth's conduct, any more than any other person's conduct, "seriously disrupted" the public activities of waiting for the Council to return from executive session and discussing town politics.** Gilbert testified that Roth's behavior did not stop any meeting—the "meeting" resumed when the council members returned from executive session.

¶ 21 Ultimately, the evidence failed to demonstrate that Roth's conduct was of the same general nature as violence or fighting, or was likely to provoke that reaction in others, or that it threatened "the continuation of some event, function, or activity," as necessary to show that it was "seriously disruptive." **We accordingly find that the evidence was insufficient to support Roth's conviction for disorderly conduct under A.R.S. § 13–2904(A)(1)** (emphasis added).

14. As to Count Three, the Arizona Court of Appeals ruled:

¶ 22 For similar reasons as those discussed above, **we find the evidence insufficient to support Roth's conviction under subsection (A)(4)**. Section 13–2904(A)(4) prohibits a person from "mak[ing] any protracted commotion, utterance, or display with the intent to prevent the transaction of the business of a lawful meeting, gathering or procession" with intent to disturb the peace or knowledge that he was doing so. Although the state may prove intent solely by circumstantial evidence, it may not rely solely on "speculation concerning possibilities." State v. Garcia, 227 Ariz. 377, 379, ¶ 9, 258 P.3d 195, 197 (App.2011) (internal quotations omitted) (citations omitted).
¶ 23 The state argues that Roth's "intent to prevent the transaction of the business of a lawful meeting" could reasonably be inferred from the prolonged commotion he made before the Council returned from its executive session. **We disagree.**
¶ 24 Even if the evidence demonstrated that Roth engaged in a "protracted commotion, utterance, or display," **the evidence failed to demonstrate that, in doing so, he intended to prevent the Council from continuing "the business of a lawful meeting" once it returned from its executive session. We also cannot agree with the state that the jury could have reasonably inferred Roth's intention to prevent the Council from resuming its business once it returned from executive session from Roth's conduct in addressing the crowd during the recess.** The state's argument, rather, relies on "speculation concerning possibilities," which cannot support a conviction. Any "protracted commotion" caused by Roth occurred while the Council was in executive session, not during its conduct of public business. **We accordingly find that the evidence was insufficient to support a conviction under subsection (A)(4)** (emphasis added).

15. The Arizona Court of Appeals, in its December 22, 2011 decision, found that the evidence was insufficient to support the convictions, and those convictions

were reversed.  Mr. Roth became aware of that decision on January 8, 2012, when he received an email from his criminal defense attorney, David Goldberg.

16.     The April 13, 2010 arrest at issue in this case is part of a clearly established pattern and practice of intentional false arrest, false charges, and harassment against Mr. Roth and other political opponents of Chief Gilbert and his political allies.   That arrest was the first of a total of five false arrests of Mr. Roth (to date).   This well documented pattern constitutes an ongoing conspiracy to violate the rights of Mr. Roth and others in the community.

17.     The Town of Quartzsite and its employees have named Mr. Roth (along with Quartzsite residents Ed Foster, Jennifer Jones, Dana Stadler, and Doug Gilford) a "self-styled activists" in an official Press Release. (See press release of Town Attorney Martin Brannan, available online at http://www.parkerliveonline.com/2011/12/30/brannan-reassigns-cases-to-special-prosecutor/).

18.     All of the above named activists have been subjected to repeated arrest and other harassing persecuting, and intimidating actions by the Town of Quartzsite.

19.     The La Paz County prosecutor, Sam Vederman, has publicly acknowledged that Mr. Roth is a target of retribution by the Town of Quartzsite.  So concerned is Mr. Vederman that, On January 3, 2012, he sent a letter to F.B.I. agent Frank Farley of the Public Corruption Unit, requesting that the F.B.I. conduct an investigation into criminal wrongdoing by Chief Gilbert and the Quartzsite Police Department, stating:

> "**I believe the circumstances warrant an investigation for the following reasons …. Chief Jeff Gilbert has requested felony charges against certain**

> **citizens for which I believe no criminal conduct occurred, or, at the very least, did not rise to the level of felony conduct: Russell Sias (Aggravated Assault on a Peace Office), Jennifer Jones (Influencing a Witness), Michael Roth (Resisting Arrest) and Ed Foster (Obstructing a Criminal Investigation) …. The Town, through Councilwoman Patricia Anderson, publicly criticized this office for declining to prosecute Michael Roth for an incident that took place at a Town Council meeting in June 2011, It is the same incident in Which Chief Gilbert requested this office charge Mr. Roth with felony Resisting Arrest."**

Mr. Vederman's letter is available online at: http://aview.info/A-View/Library/PDF/La%20Paz/VEDERMAN/Vederman-12-01-03-FBI-letter.pdf.

20.  In addition, ten of the Quartzsite Police Department officers under Chief Gilbert's command have stepped forward as whistle-blowers to make allegations of criminal wrongdoing against Chief Gilbert in a May 10, 2011 letter, under the letterhead of the Quartzsite Police Officers Association, addressed to the Quartzsite Town Council and Town Manager. (available online at http://www.scribd.com/doc/59823583/Quarlzsite-Police-Officers-Association-Letter-regarding-Police-Chief).

21.  That letter from the ten Quartzsite police officers was delivered to each member of the Town Council and also to the Town Manager.  The letter was also delivered to the Arizona Peace Officer Standards and Training Board (AZPOST) on May 11, 2011, requesting an investigation into wrongdoing by Chief Gilbert.    Among the allegations brought by the officers against Chief Gilbert in that May 10, 2011 letter were:

> **"He runs license plates just to find out names of people whose vehicles are parked at businesses/residences of people he doesn't like. Not for an**

**investigation, but to gain personal Information about people for his political benefit. He runs criminal history reports through NClC to try to find "dirt" on candidates or citizens supporting the candidates he does not like …. He orders officers to pull over and arrest/cite violations of citizens he feels are against him or he doesn't like. Not because they have committed a violation that he wants enforced equally, but because it is someone he doesn't like. Clearly this is a misuse of his power."**

22.  John Stair, at the time Vice President of the Arizona Conference of Police and Sheriffs (AZCOPS), spoke on behalf of the ten Quartzsite officers at a Quartzsite Town Council meeting on June 14, 2011, testifying about the seriousness of the allegations against Chief Gilbert while quoting from the May 10, 2011 letter by the Quartzisite officers ( his testimony can be seen beginning at the 36:40 mark of the video available online at http://www.youtube.com/watch?v=R_pa3RPsrX8&feature=youtu.be). At the 42.38 minute mark of the above noted testimony before the Town Council, Mr. Stair notes that the Town of Quartzsite, in the wake of the allegations against Chief Gilbert, is not following its own policy of placing an officer on administrative leave when serious allegations of criminal wrongdoing are brought against the officer. Mr. Stair urged the Town to place Chief Gilbert on administrative leave during the pending investigation into the alleged wrongdoing.

23.  Despite the serious allegations brought by the ten Quartzsite officers against their own Chief, and despite ongoing investigations into the alleged wrongdoing by Chief Gilbert by the State of Arizona and by the F.B.I, the Town of Quartzsite, despite having ample knowledge of the above violations of rights, has not placed Chief Gilbert, or any of the other officers accused of violating the rights of citizens and

accused of criminal wrongdoing, on administrative leave, or taken any other steps to discipline, supervise, or control Chief Gilbert to prevent the violations. To the contrary, the Town is intimately involved in this pattern of using the powers of arrest to harass, intimidate, and silence political opponents.

## II.  Claims

### FIRST CAUSE OF ACTION

### FIRST AMENDMENT RIGHT TO FREE SPEECH, PRESS AND ASSEMBLY (All Defendants)

24.  Plaintiff Roth incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

25  Mr. Roth's actions and speech while attending the April 13, 2010 Town Council meeting are expression and action that is protected by the First Amendment to the United States Constitution.

26.  Defendants violated the First Amendment free speech, free assembly, and free press rights of Mr. Roth when they arrested him with no probable cause to do so.

27.  As is well documented by the above noted letter of the ten Quartzsite officers as well as the letter to the F.B.I. from the La Paz County Attorney, Mr. Roth was targeted for arrest by the Defendants solely because of his speech – his opposition to the Town and to the Policies of Chief Gilbert.  These acts were done with malicious intent, thus punitive damages are appropriate.

28.     Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of Plaintiff's rights, privileges and immunities, as secured by the First, Fourth and Fourteenth Amendments to the United States Constitution.  Said rights, privileges and immunities include the right to free speech and the right to peacefully assemble, the right to participate in the political process, and the right to criticize public officials and the conduct and procedures of law enforcement officials.

SECOND CAUSE OF ACTION-FOURTH
AMENDMENT RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES, SEIZURES, FALSE
ARREST, AND FALSE IMPRISONMENT (All
Defendants)

29.     Plaintiff Roth incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

30.     Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of Plaintiff's rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Said rights, privileges and immunities include the right to bodily integrity, the right to be free from unreasonable searches and seizures and the right to be free from false arrest and imprisonment.  Defendants' acts were done with malicious intent, thus punitive damages are appropriate.

THIRD CAUSE OF ACTION
FIRST AMENDMENT RIGHT TO BE FREE FROM
RETALIATION (All Defendants)

31. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

32. The participation in the political process, commentary and criticizing of public officials and policy, is expression and action that is protected by the First Amendment to the United States Constitution.

33. Defendants' detention, arrest, and imprisonment of Mr. Roth for engaging in constitutionally protected speech and political activity constituted unlawful retaliation in violation of his First Amendment rights.  These acts were done with malicious intent, thus punitive damages are appropriate.

## FOURTH CAUSE OF ACTION
## FOURTH AMENDMENT RIGHT TO BE FREE FROM MALICIOUS PROSECUTION (All Defendants)

34. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

35. Defendants' actions in authorizing and/or directing and requesting the filing of criminal charges against the Plaintiff without probable cause violated Plaintiff's Fourth Amendment right to be free from malicious prosecution.  These acts were done with malicious intent, thus punitive damages are appropriate.

## FIFTH CAUSE OF ACTION
## FAILURE TO TRAIN, ENACT AND IMPLEMENT POLICIES TO PREVENT ABUSE, SUPERVISE AND DISCIPLINE (Town of Quartzsite)

36. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

37. The failure of Defendant Town of Quartzsite to properly train, enact policies to prevent abuse of civil rights, and failure to supervise and discipline police officers to prevent that abuse, even in the face of overwhelming evidence of abuse and violation of rights, to the level of criminal activity, constitutes deliberate and willful indifference to the rights of those who come into contact with the Quartzsite Police Department.

38. Plaintiff's injuries were the direct and proximate result of Defendant Town of Quartzsite's failure to provide training and supervision to the police officers serving in its police department, with that failure continuing even after requests to place Chief Gilbert on administrative leave by ten of the Quartzsite Police Department officers and by AZCOPS, with the Town violating its own policies by refusing to do so, and then failing to provide supervision and discipline even after the initiation of formal state investigations and even after being given a copy of the letter to the F.B.I. from La Paz County Attorney Samuel Vederman, requesting a federal criminal investigation..

39. The need for training and supervision of the individual Defendants, as well as the need to place Chief Gilbert on administrative leave pending investigation, was and should have been plainly obvious to the Town of Quartzsite policymakers.

40. The Town Council knowingly failed to exercise proper oversight and discipline of the Police Department, and is in fact directly and intentionally complicit in the violations of Mr. Roth's rights, in a long pattern of false arrest and false charges.

41. Defendants' actions and omissions, as more fully described in the factual section of this Complaint, constitute violations of the rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution. Said rights privileges and/or immunities include right of free speech and engaging in the political process, the right to be free from unreasonable searches and seizures and the right to bodily integrity.

SIXTH CAUSE OF ACTION
INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS (All Defendants)

42. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

43. As set forth in the facts section of this complaint, the above well documented and systemic abuse of power, intimidation, and wrongful arrest, false arrest, and false charges as a tool of oppression and intimidation were done with overt, malicious intent to stifle, chill, and violate Mr. Roth's rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution by causing him emotional distress. Said rights privileges and/or immunities include right of free speech and engaging in the political process, the right to a free press, the right to be free from unreasonable searches and seizures and the right

to bodily integrity.  There is a very well documented, overwhelmingly supported, clear pattern of intentional targeting of Mr. Roth for harassment, intimidation, and intentional infliction of emotional distress in an attempt to chill his speech, silence him, ruin his political campaigns and his business in an attempt to induce him to leave town, all of which were done with malicious intent.  Thus, punitive damages are appropriate.

SEVENTH CAUSE OF ACTION
CONSPIRACTY TO VIOLATE THE CONSTITUTIONALLY
PROTECTED RIGHTS OF PLAINTIFF (All Defendants)

44.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

45.    As set forth in the facts section of this complaint, the above well documented and systemic abuse of power, intimidation, retaliation, malicious prosecution, false arrest and imprisonment, false charges, and systematic use of the administrative process as a tool of oppression and intimidation were done with overt, malicious intent as part of a conscious conspiracy among the Defendants to stifle, chill, and violate Mr. Roth's rights, privileges and immunities guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.  Said rights privileges and/or immunities include right of free speech and engaging in the political process, the right to peaceably assemble, the right to be free from unreasonable searches and seizures and the right to bodily integrity.  There is a very well documented, overwhelmingly supported, clear pattern of intentional, ongoing, coordinated conspiracy, and actions to further that conspiracy, by all Defendants to target Mr. Roth for harassment,

intimidation, retaliation, and intentional infliction of emotional distress in an attempt to chill his speech, silence him, ruin his political campaigns and ruin his business in an attempt to induce him to leave town, all of which were done with malicious intent. Thus, punitive damages are appropriate.

**Demand and Prayer for Relief**

Wherefore, Plaintiff respectfully requests that the Court:

1. Exercise jurisdiction over this action;

2. Award appropriate compensatory damages against all Defendants;

3. Award appropriate punitive damages against each of the Defendants since these acts were done with malicious intent, thus punitive damages are appropriate; and

4. Grant such other relief as may be appropriate, including the award of reasonable attorneys' fees, litigation expenses, and costs.

JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 20th day of December, 2012.

By: /s/ Elmer Stewart Rhodes III
**Elmer Stewart Rhodes III**
432 E. Idaho Street, STE C-231
Kalispell, MT 59901
Telephone: (406) 882-4242
FAX: (406) 755-8335
E-mail: rhodeslegalwriting@gmail.com
*Attorney for Plaintiff*

1

**CERTIFICATE OF SERVICE**

2

3   I hereby certify that on the 20th day of December, 2012, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, with a copy thereby being sent by email to Lisa S. Wahlin, attorney for Defendants, at lwahlin@gbmlawpc.com, as well as to the following email addresses:

4

5

6   kmcelroy@gbmlawpc.com,
rruthenberg@gbmlawpc.com

7

8

9   By /s/Elmer Stewart Rhodes III

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28